IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Trayon Kirby,  )
    Plaintiff,  )
  )
v.  )  1:07cv456 (LMB/BRP)
  )
Captain Cole, et al.,  )
    Defendants.  )

## MEMORANDUM OPINION

Trayon Kirby, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983. By Order dated June 4, 2007, plaintiff was informed that he had not stated a claim against any of the named defendants and was given the opportunity to particularize and amend his complaint. Plaintiff sought an enlargement of time to respond to that Order, and by Order dated August 1, 2007, plaintiff's request was granted. Plaintiff has submitted an amended complaint. After reviewing plaintiff's amendment complaint, the claims against the defendants will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Trayon Kirby was incarcerated at the Piedmont Regional Jail in 2006 and 2007. In his amended complaint, Kirby claims that defendants Cooper and Stokes entered his cell and removed his personal property. Kirby alleges that Cooper "took items that he wanted and left" and Stokes searched his living area and "took all [his] personal books and magazines without explanation." Plaintiff also claims that he was denied meals "on more than one occasion" in June of 2006 "due [to defendant] Jenkins and [defendant] Watkins failing to handle what [was] entailed in their job description [sic]." Plaintiff alleges that he was given permission to eat from a "special" food tray for medical reasons. Plaintiff alleges further that unidentified workers in the prison kitchen told him that the "special" food tray was not available. Plaintiff claims that defendant Robinson "abus[ed] her authority thinking she could override a doctor[']s order" when she allegedly told plaintiff that he could "eat what[']s being served" or not eat at all. Plaintiff claims he suffered physical harm in the form of blurred vision, twitching nerves, and headaches. Plaintiff claims further that his mail was opened on three separate occasions during September and October of 2006. Plaintiff alleges that the envelopes were "clearly marked confidential" and that copies of a court document were mailed to an "unauthorized party." Plaintiff alleges that he suffered a "mental breakdown" after learning that his mail had been opened.

Plaintiff filed grievances concerning these allegations and other matters between May 20, 2006 and January 1, 2007. In his amended complaint, plaintiff claims that defendant Blanton, the jail grievance coordinator until July 4, 2006, violated his constitutional rights by "repudiat[ing]" or failing to answer his grievances and "giving [him] the runaround" by not adhering to the jail's grievance protocol. Plaintiff also claims that defendant Lee, the jail grievance coordinator after July

4, 2006, punished him in retaliation for refusing to "drop" certain grievances.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss an inmate complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## III. Merits

Although district courts have a duty to construe complaints by pro se litigants liberally, those complaints must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West, 487 U.S. 42 (1988). Moreover, plaintiff must allege that each named defendant had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. Plaintiff's amended complaint enumerates five claims. Because none of plaintiff's claims allege a cause of action under § 1983 against the named defendants, they will be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1).

1. <u>Failure to Resolve Grievances and Retaliation</u>

In claim 1, plaintiff claims that defendant Blanton failed to resolve the grievances he filed between May 20, 2006 and July 4, 2006. Specifically, plaintiff alleges that Blanton failed to respond to his grievances by "repudiat[ing]" them, giving plaintiff the "runaround," and by failing to adhere to the jail's grievance protocol. Plaintiff also claims that defendant Lee retaliated against him for failing to "drop" certain unspecified grievances.

Plaintiff has failed to state a claim against defendant Blanton. The Constitution "creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Mitchell v. Murray</u>, 856 F.Supp. 289, 294 (E.D.Va. 1994). Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983. <u>See</u> <u>Adams</u>, 40 F.3d at 75; <u>Mitchell</u>, 856 F.Supp. at 294. Therefore, even if Blanton failed to resolve plaintiff's grievances in accordance with the jail's grievance protocol, such an allegation does not state a claim under § 1983. Accordingly, claim 1 will be dismissed as to defendant Blanton.[2]

Plaintiff has also failed to state a claim against defendant Lee, who he alleges "punished and isolated"[3] him because he refused to "drop" certain unspecified grievances. Liberally construed,

---

[2] Moreover, plaintiff fails to explain how or in what manner defendant Blanton gave him the "runaround" with respect to his grievances. To the extent that plaintiff claims that such "runaround" states a claim that Blanton failed to adhere to the prison grievance protocol, such claim must be dismissed, as a prison official's failure to adhere to prison grievance procedures is not actionable under § 1983.

[3] Plaintiff fails to explain how or in what manner defendant Lee "punished and isolated" him, and the amended complaint contains no allegation that plaintiff was ever placed in isolated or solitary confinement.

4

plaintiff seeks to recover under a theory that prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied, 441 U.S. 913 (1979). To succeed on this claim, however, plaintiff must first allege that the "retaliatory act was taken in response to the exercise of a constitutionally protected right ...." Adams, 40 F.3d at 75. Plaintiff argues that Lee retaliated against him for failing to stop exercising his right to inform prison officials of his grievances. The Fourth Circuit, however, has recognized no constitutional "right to inform" prison officials of one's grievances. Id. (finding that the assertion of a "right to inform" states only a claim of entitlement to a particular grievance procedure even though no constitutional right to participate in grievance proceedings exists). Therefore, any alleged retaliation by defendant Lee does not implicate any constitutional rights. As plaintiff has not claimed that any alleged retaliatory acts were taken in response to a constitutionally protected right, claim 1 will be dismissed as to defendant Lee.

    2. Deprivation of Personal Property

In claim 2, plaintiff alleges that defendants Cooper and Stokes entered his cell and took his personal property. Plaintiff alleges that defendant Cooper went into his cell "on more than one occasion" and took unspecified items and then left. Plaintiff also alleges that defendant Stokes searched his living area and took all of his "personal books and magazines without explanation." Liberally construed, plaintiff appears to claim that he was deprived of property without procedural due process.

To violate procedural due process, defendants' actions must implicate plaintiff's interests in "life, liberty, or property." Hewitt v. Helms, 459 U.S. 460, 466 (1983). Assuming plaintiff had a protected interest in his personal property in jail, he has not alleged that the deprivation resulted from

established state procedures. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982). Moreover, although due process requires a pre-deprivation hearing where loss of property results from established state procedures, see id., pre-deprivation process cannot reasonably be required where the property loss results from the random, unauthorized act of a state employee. Parratt v. Taylor, 451 U.S. 527, 541 (1981) (concluding that an inmate did not possess a viable § 1983 claim where the deprivation of his property resulted from the unauthorized failure of state agents to follow established procedure); see also Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (holding that a loss of liberty or property resulting from mere negligence did not constitute a deprivation within the meaning of the Due Process Clause). In such circumstances, due process is satisfied by the availability of an adequate state post-deprivation remedy. Parratt, 451 U.S. at 541. Furthermore, the Virginia Tort Claims Act, Va. Code §§ 8.01-195.1, et seq., and Virginia tort law constitute adequate post-deprivation state remedies. Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985). Plaintiff does not allege that either Cooper or Stokes or both deprived him of property pursuant to any established state procedure. Moreover, even if plaintiff had alleged that either Cooper or Stokes or both had acted intentionally, negligently, or even in a grossly negligent manner, he has an adequate state post-deprivation remedy in the form of a claim under Virginia law. Because plaintiff does not allege a due process claim, claim 2 will be dismissed.

3. Meals

In claim 3, plaintiff claims that he was denied meals on more than one occasion in June of 2006, causing him "physical harm[,] blurred vision[,] nerves twitching [sic] [, and] cruel and unusual punishment." Plaintiff claims that defendants Jenkins and Watkins "failed to handle what [was] entailed in their job description as correction officers [sic]," and that defendant Robinson "abused"

her authority by "thinking" she could "override a doctor[']s order" by telling plaintiff to eat the food that was being served. Plaintiff alleges that he had permission to receive and eat from a "special" food tray for medical purposes. Plaintiff claims that members of the jail kitchen staff failed to prepare him the "special" food tray because he was not on "the list" of prisoners approved to receive the tray.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments" and protects inmates from inhumane conditions while imprisoned. U.S. Const. amend. VIII; Wilson v. Seiter, 501 U.S. 294, 298 (1991). To succeed on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (i) an objectively serious deprivation of a basic human need, one causing serious physical or emotional injury or an unreasonable risk of serious damage to his future health; and (ii) that prison officials acted with deliberate indifference to plaintiff's needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). Although plaintiff has alleged that he suffered blurred vision and "twitching" nerves as a result of the alleged denial of the "special" food tray, he has not alleged that this denial posed an unreasonable risk of damage to his future health. Moreover, plaintiff alleges that he was denied the "special" food tray because his name was not on the "list" of inmates allowed to receive this tray. Plaintiff does not claim, however, that any of the named defendants were involved in any way with the placement or omission of his name from the list or that any of them had the power or authority to place his name on the list if the omission of his name had been in error. In sum, plaintiff has failed to allege facts indicating that any of the named defendants were deliberately indifferent to his needs. Accordingly, claim 3 will be dismissed for failure to state a claim.

4. Opening of Mail

In claim 4, plaintiff alleges that his mail was opened on three separate occasions, even though the envelopes were "clearly marked confidential." Plaintiff also alleges that he discovered a "personal sticker note" which indicated that copies of a court document had been mailed to an unidentified party, and that he suffered a "mental breakdown" as a result.

Prison officials may open mail from an attorney addressed to a prisoner only in the presence of the prisoner. Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974). This restriction, however, applies only to mail clearly marked as a confidential communication from a prisoner's attorney. Id. at 575. Merely negligently opening mail, rather than a pattern or practice of opening mail, fails to rise to the level of a constitutional violation. Bryant v. Winston, 750 F.Supp. 733, 733-34 (E.D.Va. 1990). Even if plaintiff's mail was "clearly marked confidential," plaintiff has not alleged that this "confidential" mail was clearly marked as a confidential communication from his attorney, and he has not alleged that the opening of any of his mail amounted to anything more than isolated incidents of negligence. Accordingly, claim 4 will be dismissed for failure to state a claim.

5. Remaining Allegations

At the end of claim 4, plaintiff alleges that he was denied "access to any type of religious services," however, he fails to provide any further details or factual allegations with respect to this claim. Such a bare allegation fails to state a claim of any constitutional violation and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Moreover, although plaintiff submitted a grievance concerning the availability" of "religious services" at the Piedmont Regional Jail, he failed to pursue his grievance through all available levels of appeal. Accordingly, plaintiff failed to exhaust his

administrative remedies with respect to this claim. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006) (requiring complete exhaustion of correction facility administrative remedies). Therefore, even if his bare allegations had stated a claim upon which relief could be granted, claim 5 would still be subject to dismissal for failure to exhaust the jail's administrative grievance procedure.

## IV. Conclusion

For the reasons stated above, plaintiff has failed to state a claim against any of the named defendants. Accordingly, his complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this 24th day of September 2007.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia